UNITED STATES v. GRUNBERG et al. '

(Circuit Court, D. Massachusetts. May 16, 1904.)

No. 2,001.

1. INDICTMENT—MOTION TO QUASH.

On a motion to quash an indictment, the court will consider only such propositions as raise clear points of law.

2. CONSPIRACY—INDICTMENT—ALLEGATION OF MEANS INTENDED TO BE USED.

An indictment for conspiracy to defraud the United States of sums to become due to it as customs duties must allege, to some extent at least, the means intended to be used to defraud—as that it was by smuggling, or by forged or false invoices, or the like—although the details of the plan need not be set out, since they may not have been known to the grand jury or to the conspirators themselves.

3. SAME—SETTING OUT INSTRUMENT.

In an indictment in a federal court, it is not necessary to allege the tenor of an instrument unless it touches the very pith of the crime itself, as in forgery, or counterfeiting. An indictment for conspiracy to defraud the United States by obtaining the entry of imported merchandise without payment of the legal duty thereon need not allege the tenor of an instrument by means of which, as charged, it was intended to accomplish the fraudulent entry.

On Motion to Quash Indictment.

The following is the motion to quash the indictment:

Now comes John W. Trafton, one of the defendants in the above-entitled case, and moves to quash the above indictment, and each and every count thereof:

First. Because the same nowhere charges him with any offense under the laws of the United States, set forth plainly, formally, and substantially, as required by the laws of criminal pleading.

Second. Because said indictment does not set forth plainly, formally, and substantially, and in such a manner as to reasonably inform the defendant, the nature, character, form, and contents of the alleged false and fraudulent papers to be used pursuant to and in promotion of said conspiracy, as alleged in said indictment.

Third. Because said indictment does not set forth plainly, formally, and substantially, and in such a manner as to reasonably inform the defendant, the nature and details of the alleged conspiracy—particularly as to what is intended to be charged by the allegation that, as a part of said conspiracy, one or more of the defendants should and would present and cause to be presented certain false and fraudulent entries.

Fourth. Because that in said indictment, and each and every count thereof, no overt act is alleged, the performance of which would have amounted to or resulted in a defrauding of the United States, so far as appears from the allegations in said indictment.

Fifth. Because in other respects the said indictment is insufficient and void.

¶ 2. See Conspiracy, vol. 10, Cent. Dig. §§ 85, 96.

Wherefore this defendant prays that the said indictment, and each and every count thereof, may be quashed, and that he may be hence discharged.

Burdett, Wardwell & Snow, for John W. Trafton.

Charles K. Cobb, for James A. Shedd.

C. P. Searle, Arthur P. Hardy, and Melvin O. Adams, for William Monroe.

H. N. Allen, for Grunberg, Baitler, and Burman.

Henry P. Moulton, U. S. Atty.

PUTNAM, Circuit Judge. On motions to quash, the court accepts only such propositions as raise clear points of law. Any involved question should be raised by demurrer or motion in arrest of judgment, where the court must meet the issues and dispose of them, holding them under consideration if necessary for that purpose; but a motion to quash, being addressed to the discretion of the court, and interposing avoidable delays, unless clearly justified, should be decided on the spot, and therefore our practice as to such motions is as stated.

Except on two propositions, we need only refer to Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419, and Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. In view of the nature of the conspiracy alleged, those cases cover every other point now brought to the attention of the court. It is to be borne in mind, in considering and applying the suggestions of counsel, that the pith of the offense is contained in the first seven or eight lines of the indictment. Six persons, including all who are represented here by the motions to quash, are charged with "unlawfully, willfully, knowingly, and designedly conspiring, combining, confederating, and agreeing to defraud the United States of America of large sums of money, to become due and payable to the United States of America as customs duties accruing upon divers importations of merchandise to be thereafter imported and brought by said Grunberg, Baitler, and Burnham from a foreign country, to wit, from the republic of Switzerland, into the United States of America, to wit, into the port and collection district of Boston and Charlestown, in said district of Massachusetts." Every element is here which is necessary to make out to the common understanding an offense. But, according to the settled practice on indictments for conspiracy, whether the means to be employed are in themselves lawful or unlawful, it is not sufficient to merely allege in such general terms that the defendants have conspired to defraud. The indictment must allege, to some extent at least, the means intended to be used in defrauding.

What we have read from the indictment covers everything which the letter of the statute requires, except the overt act. All which follows is to be construed in reference to that fact.

Of course, there are various ways of defrauding the customs. Parties may conspire to defraud by smuggling in goods at night; they may conspire to defraud by bribing the customhouse officers; they may conspire to defraud by forging invoices; they may conspire to defraud by false invoices; and the pleader must ordinarily

show, in a general way, which of those methods the parties intended. The indictment must go at least so far as to point out something as to the way in which the parties intended to defraud, because there cannot be a conspiracy known to the grand jury, without some knowledge of the general line in which it was to march. Therefore the grand jury are supposed to know this, but they are not supposed to know all the details. The conspirators themselves may not have known them. They may agree on a general purpose to defraud by the use of false invoices, or by smuggling at night, and the rest they may leave for further consideration. They may even leave it for chance, to be determined according to the success or emergencies of the enterprise. Therefore it never has been necessary that, with reference to such details as have been called to our attention, the grand jury should be charged with knowledge.

A criticism has been made with reference to the word "entry." In one of the cases cited the court went so far as to hold that it might determine from the context whether the word "entry" was used in a technical sense or in a popular sense. In this case the meaning of the word is determined from the context. It is clearly a customhouse entry. It is also clear that it is not necessary to declare that the collector had power to liquidate. It is not necessary in an indictment to allege what the law itself determines, and the law determines that, on the certificates named in the indictment being received by the collector, he is authorized to liquidate the duties.

As to the setting out the tenor of any paper, in Pooler v. United States (C. C. A.) 127 Fed. 509, the court had occasion to go over this topic carefully. In the federal courts, at least, it is not necessary to allege the tenor of an instrument unless it touches the very pith of the crime itself, as forgery or counterfeiting. The tenor of an instrument is never alleged in conspiracy indictments of the class at bar, where, as we have said, the setting out of the means is only incidental to the description of what is the substance of the offense.

The suggestions made with reference to the effect of section 3169 of the Revised Statutes, as amended in 1875 (Act Feb. 8, 1875, c. 36, 18 Stat. 312 [U. S. Comp. St. 1901, p. 2060]), is very striking, but we can come to only one conclusion on these motions. We will not consider ourselves bound, so far as this point is concerned, by anything we now determine, if the point comes before us again, with full time for consideration, on a motion in arrest of judgment. We now think that the United States have an option, where customs officers and individuals have combined, to proceed against the customs officers under the new law or against all under the Revised Statutes. The new statute is so framed that it seems to permit a severance to such an extent that probably a single customhouse officer who has conspired with merchants may be indicted, whether the merchants are joined in the indictment or not; but take the case of one customhouse officer and one merchant. The merchant could not be indicted alone under any existing law, unless there is some statute of the United States which we do not know of, without joining the customhouse officer; and we cannot now accept the proposition that Congress intended to go so far as to enact that, because one is a custom-

house officer, the merchant who conspires with him, when there are only two conspiring, shall be free from punishment as a conspirator. Therefore, at least for these motions, we cannot give that proposition effect, and all the motions are overruled.