## DAUGHERTY v. UNITED STATES.[*]

(Circuit Court of Appeals, Eighth Circuit. January 30, 1925.)

No. 6595.

Criminal law ⬯1216(2)—Separate sentences under different counts, unless beginning of each term is definitely stated, run concurrently.

Separate sentences of imprisonment for two offenses, whether charged in separate indictments or in separate counts of one indictment, unless the judgment expressly provides that imprisonment on one, to be named, shall begin when imprisonment on the other, to be named, expires, will run concurrently.

In Error to the District Court of the United States for the District of Minnesota.

On petition by the District Attorney for rehearing. Denied.

For former opinion, see 2 F.(2d) 691.

James Daugherty, pro se.

Lafayette French, Jr., U. S. Atty., and George A. Heisey, Asst. U. S. Atty., both of St. Paul, Minn.

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

PER CURIAM. The district attorney has filed petition for rehearing in this case, complaining that we erred in holding that the

sentence imposed on Daugherty was imprisonment for five years, and in not holding that it was for fifteen years. On this subject 16 C. J., 1306, says:

"However, where successive terms of imprisonment are imposed, the sentence ought to be so definite and certain as to advise the prisoner and the officer charged with the execution of the sentence of the time of its beginning and termination, without their being required to inspect the records of any other court or of any other case. Thus a sentence to a term of years 'to commence after the expiration of former sentence,' or 'to commence at the expiration of the sentence aforesaid,' but containing nothing which shows to what the terms 'former sentence' or 'sentence aforesaid' relate, has been held to be void for uncertainty. Where defendant is found guilty of more than one offense, if the court desires to have imprisonment under one sentence commence on the expiration of another, the sentence must so state, or else the two terms of imprisonment will run concurrently, and defendant will be entitled to his discharge at the expiration of the longest term."

These among others, are cited in support of the text:

Fortson v. Elbert County, 117 Ga. 149, 43 S. E. 492, wherein it appeared that Fortson was sentenced to 12 months' imprisonment for one offense, and on the next day he was tried, convicted and sentenced to 12 months' imprisonment for a second misdemeanor. The judgment in the second case did not provide that the imprisonment thereunder should begin from the expiration of the sentence on the first verdict. He applied for release by habeas corpus at the end of twelve months. The Supreme Court of Georgia, after noticing the common-law doctrine that terms of imprisonment on separate offenses run concurrently, said that, where it was intended that the sentences should run consecutively, "the time the second sentence must begin shall be stated in the sentence. Failure to make such provision leaves the defendant in a position where he can claim that he has served either of the sentences, or both. And this is not a mere technical right. It might be of substantial importance." The importance is illustrated by possible reversal of the conviction as to one of the offenses.

In Re Breton, 93 Me. 39, 44 A. 125, 74 Am. St. Rep. 335, it appeared that Breton was convicted on two complaints for illegally keeping intoxicating liquors for sale, and received an alternative sentence of 60

[*]Certiorari granted 45 S. Ct. 508, 69 L. Ed. —.

days' imprisonment in each case. It was not stated which imprisonment should be suffered first, nor that sentence in either case should begin at the expiration of the sentence in the other. The Supreme Court of Maine, after noting the common-law rule, said: "All the authorities agree, however, that in the absence of any statute, if it is not stated in either of two sentences imposed at the same time that one of them shall take effect at the expiration of the other, the two periods of time named will run concurrently, and the two punishments be executed simultaneously. Such Mr. Bishop declares to be the rule of the common law (1 Bish. Cr. Proc. 1310), and such has been the unquestioned rule of procedure in this state. It is familiar practice that, wherever the court imposing several sentences desires to have one begin on the expiration of another, that fact is expressly stated in the sentence; and whenever the court inadvertently fails to have the sentence recorded in that form, or from leniency intentionally omits to add such a provision, and the convict is committed in pursuance of such sentences, he is either voluntarily released by the jailer or discharged on habeas corpus at the expiration of the longest term named in either of the sentences. * * * If the sentences are in the same form, they must have the same operation. The court omitted to state which sentence should be served first, and whether either should succeed the other." The petitioner was ordered discharged.

In State v. McKellar, 85 S. C. 236, 67 S. E. 314, it appears that McKellar was convicted of assault and battery with intent to kill and carrying concealed weapons. The sentence was this: "That the defendant, Dave McKellar, be confined at hard labor upon the public works of Greenwood county for assault and battery with intent to kill for a period of two years, or in the state penitentiary for a like period of time at hard labor, and be confined upon the public works of Greenwood county at hard labor, or in the state penitentiary at hard labor, for one year for carrying concealed weapons, under the verdict in the within indictment." The defendant McKellar made no claim on appeal for release from custody on his conviction. It does not appear that he was, pending appeal, undergoing imprisonment. The court, therefore, was not concerned with the question involved here, but it did take occasion to say this: "Appellant further contends that the sentence is void, because it does not certainly appear wheth-

er the sentence for carrying concealed weapons is to begin at the expiration of the sentence for assault with intent to kill, or to run concurrently therewith. When several sentences are imposed for separate and distinct offenses, after conviction thereof on separate indictments, or on several counts in the same indictment, they run concurrently, unless the intention that one should begin at the expiration of the other is expressed."

In Ex parte Black, 162 N. C. 457, 78 S. E. 273, the defendant was convicted of two separate offenses for which he was tried at different times, and in each sentenced to a term of months on the public roads of Buncombe county. In considering whether the terms should be concurrent or consecutive the Supreme Court of North Carolina said on the subject this: "It seems to be well settled by many decisions and with entire uniformity that, where a defendant is sentenced to imprisonment on two or more indictments on which he has been found guilty, sentence may be given against him on each successive conviction; in the case of the sentence of imprisonment each successive term to commence from the expiration of the term next preceding. It cannot be urged against a sentence of this kind that it is void for uncertainty; it is as certain as the nature of the matter will admit. But the sentence must state that the latter term is to begin at the expiration of the former one; otherwise it will run concurrently with it. 25 Am. & Eng. Enc. of Law (2d Ed.) pp. 307, 308. It is absolutely essential that the last sentence shall state that the term of imprisonment is to begin at expiration of former sentence in order to prevent the prisoner from serving the two sentences concurrently with each other."

In Re Hunt, 28 Tex. App. 361, 13 S. W. 145, it appears that Hunt was convicted under two prosecutions for keeping a gaming bank and sentenced for each offense to 10 days' imprisonment in the county jail. The statutes of Texas provided that, where there are two or more convictions of the same defendant at the same term, "the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction have ceased to operate." Code Cr. Proc. 1911, art. 862. It was held that, unless the judgment in the second or subsequent conviction is so rendered, there can be no cumulation of the imprisonment.

We think it a sound principle, and the authorities so hold, that a convict will be

discharged wherever the sentence and judgment of imprisonment · for two offenses, whether charged in separate indictments or in separate counts of one indictment, does not expressly provide that imprisonment on one, to be named, shall begin when imprisonment on the other, to be named, expires. The inquiry in all such cases is, not what the court may have intended by its sentence and judgment, but rather what the sentence and judgment itself expressly says. The mittimus recites the 'sentence. It alone advises the keeper of the jail or penitentiary for what term or terms and for what length of time he may lawfully detain the convict, and for that purpose he cannot rely upon what he may think the court intended in that respect. His authority for detention is the writ of commitment. Its terms, taken from the sentence and judgment, must be definite and certain as to the period and length of time during which he can hold the convict in custody, and, if not definite and certain, the detention is unlawful. He cannot indulge in surmise, or apply rules of construction, in attempts to determine what in his judgment the sentence may mean as to the time of imprisonment. No authority holding to the contrary has been called to our attention.

Rehearing denied.