FREDERICKS v. SNOOK, Warden.

DONEGAN v. SAME.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1925.)

Nos. 4609, 4683.

**1. Criminal law ⟷995(1)—Sentence construed as any other judgment.**

Sentence must be construed as any other judgment, and usual canons of construction apply.

**2. Criminal law ⟷995(1)—Punctuation will not control interpretation of writing ascertained from whole.**

Punctuation is fallible standard by which to interpret writing, and will not be suffered to change meaning ascertained from examination of instrument as a whole.

**3. Criminal law ⟷995(6)—Sentence construed to provide for consecutive terms of imprisonment.**

Where sentence of defendants, jointly convicted, provided that particular defendant "be imprisoned * * * for a period of five (5) years on the first count, and three (3) years on the second count, from and after the 13th day of April, 1921; that the defendants [naming the others] each be imprisoned * * *. for a period of five (5) years on first count, and one (1) year on the second count, * * * said sentences to run consecutively * * *" —held clause requiring sentences to run consecutively applied to sentence first imposed on the single defendant, as well as to following sentences of his codefendants.

**4. Criminal law ⟷995(4)—Sentence held not so uncertain and ambiguous as to require construction that sentences on various counts were to run concurrently.**

Sentence to imprisonment for "8 months on each of counts, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, and 2 years on count 13, and to run consecutively, * * *" a copy of which delivered to warden contained words "total 10 years" in parenthesis preceding phrase "to run consecutively," held not so uncertain, ambiguous, and meaningless as to require construction that sentences were to run concurrently, particularly in view of construction adopted by judge of district court, in order for issuance of bench warrant, after receipt of mandate from Circuit Court of Appeals, affirming conviction except upon one count.

**5. Criminal law ⟷1216(2)—Sentences run concurrently, where nothing said as to sequence of service or language is too ambiguous to be otherwise construed.**

Sentences run concurrently, where nothing said as to sequence of service or language is too ambiguous to be otherwise construed.

**6. Criminal law ⟷995(1)—Language of sentence should be given its ordinary meaning.**

Language of sentence should be given its ordinary meaning, and construed to give effect to intention of judge if possible.

**7. Criminal law ⟷995(1)—Pleadings and in some instances extraneous evidence may be considered in construing judgments.**

Pleadings and in some cases extraneous evidence may be resorted to to aid in construing judgments.

Appeals from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Separate habeas corpus proceedings by Ben Fredericks and by Edward J. Donegan against John W. Snook, Warden of the United States Penitentiary at Atlanta, Ga. From judgments denying writs, petitioners separately appeal; cases being heard together, though not consolidated. Judgments affirmed.

For opinion below, see 6 F.(2d) 640.

Frank A. Doughman, of Atlanta, Ga., for appellants.

J. W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. These two cases, while not consolidated, were heard at about the same time, were argued by the same counsel, and present practically the same questions of law, so that they may be disposed of in a single opinion. They are appeals from judgments denying writs of habeas corpus.

In No. 4609 appellant was convicted in the Northern District of Ohio on two counts of an indictment charging (together with four others) violation of the Act of February 13, 1913 (Comp. St. §§ 8603, 8604), and was sentenced to the penitentiary at Atlanta, Ga. The material part of the sentence reads as follows:

"It is ordered that the defendant Ben Fredericks be imprisoned in the United States Penitentiary at Atlanta, Ga., for a period of five (5) years on the first count and three (3) years on the second count from and after the 13th day of April, 1921;

"That the defendants Anthony Belock, Morris Nadel, Vincent Smith and John R. Kane each be imprisoned in the United States Penitentiary at Atlanta, Georgia, for a period of five (5) years on the first count and one year on the second count from and after the 13th day of April, 1921, said sentences to run consecutively, viz., that the sentence on the second count shall begin to be served after the expiration of the sentence on the first count."

[1, 2] It is the contention of appellant that his sentence was distinct from the others and ended with the semicolon after the words, "13th day of April, 1921," ending the first paragraph. A sentence must be construed the same as any other judgment and the usual canons of construction should be applied. Freeman on Judgment (5th Ed.) par. 76. In Ewing v. Burnet, 11 Pet. at page 54 (9 L. Ed. 624) the Supreme Court had this to say:

"Punctuation is a most fallible standard by which to interpret a writing; it may be resorted to when all other means fail; but the court will first take the instrument by its four corners, in order to ascertain its true meaning; if that is apparent on judicially inspecting the whole, the punctuation will not be suffered to change it."

[3] Applying the usual rules of construction to the sentence as a whole, it is clear that the concluding clause, "said sentences to run consecutively, viz., that the sentence on the second count shall begin to be served after the expiration of the sentence on the first count," applies to appellant as well as to his codefendants. Appellant's sentence was for eight years, beginning April 13, 1921, and has not expired as contended by him.

In No. 4683 the sentence is not so clear. Appellant was indicted in the Southern District of New York and charged (in connection with one other) with feloniously taking and carrying away certain telegrams, the property of the United States. The indictment contained fourteen counts; the first thirteen charging the substantive offense and the fourteenth charging a conspiracy. His codefendant was acquitted on the entire indictment, and he was convicted on the first thirteen counts. He took a writ of error to the Circuit Court of Appeals for the Second Circuit, but made no point as to his sentence. That court affirmed the conviction as to all but the third count, and a mandate was duly returned to the District Court. Sentence was originally imposed upon appellant by Hon. E. Y. Webb, then presiding in the Southern District of New York, and the entry is in the words and figures as follows:

"March 3, 1922. Deft. Edward Donegan, eight months on each of counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12; and two years on count 13; and to run consecutively, and to pay a fine of $5,000.00 on each count. Total $65,000.00. Bail fixed in sum of $100,-000.00, pending appeal to U. S. C. C. A."

When the mandate of the Circuit Court of Appeals was returned, further proceedings were had before Hon. John C. Knox, and an order was entered which, after reciting the reading and filing of the mandate in the usual terms, concludes with this paragraph:

"Ordered, adjudged and decreed that a bench warrant issue for the apprehension of the said Edward Donegan and that he be taken into custody upon said warrant, that he pay the fine of sixty thousand dollars as aforesaid, and that the United States marshal for the Southern District of New York transport the said Edward Donegan to the United States Penitentiary at Atlanta, Ga., there to serve the said sentence of nine years and four months imposed as aforesaid in said cause."

The warrant on sentence under which the warden holds appellant is as follows:

"U. S. District Court v. Edward Donegan. No. 15355.

"Charged with and convicted of Vio. sec. 37 and 46 U. S. C. C. Conspiracy and feloniously carrying away personal property of U. S., and sentenced to be imprisoned for a term of eight months on each of counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and two years on count 13. (Total ten years) to run consecutively, and to pay a fine of $5,000.00 on each count and to stand committed until fine be paid, or he is otherwise discharged according to law. Total $65,000.00. Sentence to be executed at U. S. Penitentiary, Atlanta, Ga.

"Note: This sentence to conform with the mandate hereto annexed, which reads as follows: For a period of 9 years and 4 months and pay a fine of $60,000.00.

"The above named defendant is hereby delivered by me into the custody of the Warden U. S. Penitentiary, Atlanta, Ga., in pursuance of the statutes in such cases made and provided."

It also appears that the copy of sentence in the hands of the warden has inserted in parenthesis before the phrase "to run consecutively" the words "total ten years," in conformity to the warrant above set out.

[4] The warrant on sentence and copy of the order of Judge Knox held by the warden were annexed to the return to the writ of habeas corpus as exhibits. Appellant objected to these documents being offered, which objection was overruled by the District Court, and no exception was noted by appellant. Appellant contends that the words "to run consecutively" must be eliminated from consideration in construing the sentence as uncertain and meaningless, and therefore the sentences on the various counts must be construed to run concurrently. If so construed, he is, of course, entitled to be released. As supporting this contention, he relies mainly on the case of Daugherty v. United States (C. C. A. Minn.). See opinion on rehearing 4 F.(2d) 344, and original opinion (C. C. A.) 2 F. (2d) 691.

[5, 6] It may be conceded that, where sentence is imposed on two or more counts of an indictment, or on different indictments consolidated for trial, and nothing is said as to the sequence of service, the sentences are to run concurrently. This is also the rule to be observed when the language of the sentence is too ambiguous to be otherwise construed. The cause of Daugherty v. United States goes far to sustain the contentions of appellant; however, that case was before the Court of Appeals on a writ of error and not on an application for a writ of habeas corpus, and the opinions rendered were unnecessary perhaps to a decision of the question then before the court. We think the case may be distinguished from the one at bar, but, if not, we are not inclined to follow it. The language of the sentence should be given its ordinary legal meaning, and should be construed so as to give effect to the intention of the judge who imposed it if possible. So construed, it is clear that it was the intention of the court imposing sentence to have the sentences run consecutively in the order of their enumeration. So con-strued, the sentence supports a total term of nine years and four months.

[7] Judge Knox, in construing the mandate of the Court of Appeals, reached the conclusion that the sentence affirmed was for nine years and four months. We do not think the original sentence was so ambiguous as to require the construction contended for by appellant, but, if it could be so construed, the order of Judge Knox, which is properly before us, would qualify the language. It is well settled that the pleadings in a case and in some instances extraneous evidence may be resorted to to aid in construing a judgment.

We find no error in the judgments appealed from. Both are therefore affirmed.