## AUSTIN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
May 2, 1927.

Rehearing Denied May 23, 1927.

No. 4992.

1. **Perjury ⬅27—Indictment for subornation of perjury held not fatally defective, as failing to allege persons suborned knew they were committing perjury (Penal Code, § 126 [Comp. St. § 10296]).**

Indictment under Penal Code, § 126 (Comp. St. § 10296), for subornation of perjury, alleging that defendant suborned certain persons to subscribe and to give false and untrue statements in supersedeas bond, which statements they did not believe to be true, and knew to be untrue, held not fatally defective for failure to allege that persons who were suborned knew at such time, or time of giving testimony, that they were committing crime of perjury.

2. **Perjury ⬅27—Indictment for subornation of perjury must allege perjury was committed, and that witness was induced by defendant to give false testimony.**

To sustain an indictment for subornation of perjury, it is necessary that perjury should have been in fact committed, that testimony of witnesses claimed to have been suborned is false and was given knowingly, and that defendant knew or believed that testimony would be false, and induced or procured witness to give such false testimony.

3. **Perjury ⬅13—Dismissal of indictment for perjury against witness alleged to have been suborned did not affect validity of conviction for subornation of perjury (Penal Code, § 126 [Comp. St. § 10296]).**

Validity of judgment of conviction for subornation of perjury under Penal Code, § 126 (Comp. St. § 10296), held not affected by fact that separate indictment against one of persons alleged to have been suborned for perjury was dismissed, since mere fact that indictment was dismissed is not inconsistent with guilt of defendant.

4. **Perjury ⬅27—Indictment for subornation of perjury in execution of supersedeas bonds held not defective for failure to set forth in hæc verba such bond (Comp. St. § 1688; Penal Code, § 126 [Comp. St. § 10296]).**

Under Rev. St. § 5397 (Comp. St. § 1688), indictment under Penal Code, § 126 (Comp. St. § 10296), charging subornation of perjury in execution of certain supersedeas bonds, held not defective for failure to set forth in hæc verba the supersedeas bond, as rule requiring setting out of entire instrument or its tenor in federal courts is limited mainly to cases of forgery, counterfeiting, and sending threatening letters.

5. **Criminal law ⬅105, 1137(1)—Defendant, requesting trial for subornation of perjury while under sentence in federal penitentiary, waived objection thereto, and cannot predicate error thereon (Penal Code, § 126 [Comp. St. § 10296]).**

Where defendant, in prosecution for subornation of perjury under Penal Code, § 126 (Comp. St. § 10296), was brought from federal penitentiary at Leavenworth, at his request and pursuant to writ of habeas corpus ad prosequendum, for arraignment and trial in court in whose territorial jurisdiction offense was alleged to have been committed, and no objection was made to jurisdiction in lower court, defendant waived such objection, and error cannot be predicated on fact that trial was had while he was under conviction and sentence in federal penitentiary.

6. **Criminal law ⬅1153(1)—Witnesses ⬅2 (1)—Denial of defendant's application for subpœnas at government's expense is discretionary, and not reviewable.**

Denial of defendant's application for subpœnas to certain witnesses at expense of United States constitutes exercise of trial court's discretion, in a matter which is not subject to review by appellate court.

**7. Criminal law ⬦⟿995(6)—Judgment providing imprisonment should begin after expiration of sentence then being served held not void for uncertainty (Penal Code, § 126 [Comp. St. § 10296]).**

Judgment on conviction for subornation of perjury under Penal Code, § 126 (Comp. St. § 10296), providing that imprisonment should begin to run after expiration of sentence then being served by defendant, *held* not void for uncertainty, since requirement that imprisonment should begin at expiration of such sentence is as certain as nature of matter would permit.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

J. D. Austin was convicted of subornation of perjury, and he brings error. Affirmed.

J. D. Austin, of Leavenworth, Kan., in pro. per.

Samuel W. McNabb, U. S. Atty., and James E. Neville, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which, under section 126 of the Penal Code (Comp. St. § 10296), charged him in two counts with subornation of perjury in the execution of certain supersedeas bonds. For the reversal of the judgment he contends, first, that the indictment failed to allege that the persons who were suborned knew at the time when they were suborned, or at the time of giving their testimony, that they were committing the crime of perjury.

[1] The indictment, however, charged in the first count that the plaintiff in error willfully, knowingly, unlawfully, and feloniously procured and suborned Ella Green and Ivy B. Jividen willfully and contrary to their oath to state and subscribe in said supersedeas bond a certain false and untrue material statement that they and each of them were worth the sum of $25,250, which statement they did not believe to be true, and knew to be untrue, and that at the time of the subornation the plaintiff in error well knew that the aforesaid statement was a false and untrue statement, and well knew that said sureties did not believe the same to be true. Elsewhere in the count it is alleged that the plaintiff in error suborned Ella Green and Ivy B. Jividen to state and subscribe in said supersedeas bond a certain false and untrue

material statement, and that he knew that the statement was a false and untrue material statement, and that the proposed sureties then and there well knew that each surety was not worth to exceed $2,000 and $5,000 respectively.

In the second count, in addition to allegations similar to those contained in the first, it is charged that the plaintiff in error did knowingly and feloniously procure and instigate and suborn Ella Green and Ivy B. Jividen to state under oath that the properties described in the supersedeas bond referred to therein were worth the sum of $35,000 and $60,000, respectively; that the said plaintiff in error, the said Ella Green, and said Ivy B. Jividen, each of them, then and there well knew that the said statements were material statements, and that they, and each of them, then and there well knew that the said material statements were false and untrue.

[2] We do not find that either count is fatally defective. "To sustain an indictment for subornation of perjury, it is necessary that perjury shall have been in fact committed; that the testimony of the witness claimed to have been suborned shall have been false; that it shall have been given by him willfully and corruptly, knowing it to be false; that defendant shall have known or believed that the testimony given would be false; that he shall have known or believed the witness would willfully and corruptly so testify; and that he shall have induced or procured the witness to give such false testimony." 30 Cyc. 1423; United States v. Dennee, 3 Woods, 39, Fed. Cas. No. 14,947; Boren v. United States (C. C. A.) 144 F. 801. The indictment here complies with all these requirements, and we cannot agree with the plaintiff in error that the allegation of the indictment was consistent with a belief on the part of the plaintiff in error that the suborned parties had supposed the statements they were expected to make were to be true.

[3] Nor is the question of the validity of the judgment against the plaintiff in error affected by the fact that the separate indictment against Ivy B. Jividen for perjury was dismissed. The grounds of the dismissal do not appear in the record, and the mere fact that the indictment was dismissed is not inconsistent with the guilt of the plaintiff in error upon either count of the indictment against him.

[4] Nor do we find merit in the contention that the indictment is defective for its failure to set forth in hæc verba the superse-

deas bond, or support for that proposition in any of the cases cited by the plaintiff in error. On the contrary, the decisions hold that the rule which requires the setting out of an entire instrument or its tenor in an indictment in the federal courts is limited mainly, if not wholly, to cases of forgery, counterfeiting, and sending threatening letters. United States v. Heinze (C. C.) 161 F. 425; United States v. Grunberg (C. C.) 131 F. 137. Said Judge Putnam in the case last cited: "In the federal courts, at least, it is not necessary to allege the tenor of an instrument, unless it touches the very pith of the crime itself, as forgery or counterfeiting." And such we take it is the meaning of section 5397, Rev. Stats. (Comp. St. § 1688), in providing that, in an indictment for subornation of perjury, "it shall be sufficient to set forth the substance of the offense charged, * * * without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding either in law or equity, or any affidavit, deposition, or certificate." Noah v. United States (C. C. A.) 128 F. 270.

[5] No merit is found in the contention that error was committed in placing the plaintiff in error on trial by reason of the fact that, at the time he was under conviction and undergoing sentence in the United States penitentiary at Leavenworth, Kan. The record shows that, in order that he might go to trial in the court below, he filed therein a petition for a writ of habeas corpus ad prosequendem, that the petition was granted, and that pursuant thereto he was brought at his own request, and not at the instance of the prosecution, for arraignment, pleading, and trial in the court below, in whose territorial jurisdiction the offense was alleged to have been committed. No objection to the jurisdiction was made in the court below, and the question is here presented for the first time. That the objection was one which the accused could waive, and that he did waive it, is too clear to require discussion.

[6] Nor is merit found in the contention that it was error to deny the application of the plaintiff in error for subpœnas to certain

19 F.(2d)—9

witnesses at the expense of the United States. The denial of the application was the exercise of the trial court's discretion in a matter which is not subject to review by an appellate court. Goldsby v. United States, 160 U. S. 70, 16 S. Ct. 216, 40 L. Ed. 343; Dupuis v. United States (C. C. A.) 5 F.(2d) 231.

[7] The judgment of the court below imposed upon the plaintiff in error imprisonment in the United States penitentiary at Leavenworth, Kan., on each of the two counts, for the term of four years, "sentences to begin to run upon the expiration of the sentence now being served by the defendant." It is contended that the sentence was erroneous, in that the trial court had no authority to suspend or postpone the operation of a sentence for a definite or indefinite period of time, but authority only to impose a sentence to operate from the date of the arrival of the accused at the penitentiary, or from the date of the judgment, citing Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. That case is not in point. There the suspension of sentence was "during the good behavior of the defendant." It was held that the order was beyond the power of a federal court, for, if sustained, it would exempt the defendant permanently and absolutely from the punishment provided by law.

Miner v. United States (C. C. A.) 244 F. 422, 3 A. L. R. 995, is also inapplicable here. In that case imposition of sentence was upon the defendant's application postponed from term to term for three terms, and when it was finally imposed objection was made on the ground that the court had lost jurisdiction. The appellate court held that the trial court's jurisdiction was retained, and sustained the sentence. In the present case the judgment, in providing that imprisonment should begin at the expiration of a sentence that precedes it, accords with recognized practice, and it cannot be said to be void for uncertainty, "since it is as certain as the nature of the matter will permit." 16 C. J. 1306; Howard v. United States, 75 F. 986, 34 L. R. A. 509.

The judgment is affirmed.