**BOYD v. ARCHER.**

No. 6160.

Circuit Court of Appeals, Ninth Circuit.

July 14, 1930.

·H. Sylvester Garvin and Frank R. Jeffrey, both of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

Sustaining a demurrer to appellant's petition for a writ of habeas corpus, the court below dismissed the proceeding. By the petition, to which is attached as exhibits copies of the several records therein referred to, appellant shows that he is detained in the United States prison at McNeil's Island by appellee, the warden thereof, and that he has been so restrained of his liberty since March 15, 1929; that upon him there had been imposed three several sentences of imprisonment in three different causes, one in the United States District Court for Oregon, and two in the United States District Court for the Western District of Washington, Northern Division; that the Oregon judgment (for two years' imprisonment at Leavenworth) was entered June 11, 1923, and commitment thereon issued the same day; that the first judgment in the Washington District (entered February 27, 1928, in cause No. 11630) directed that he be imprisoned for fifteen months at McNeil's Island and "pay a fine of $1,000.00," without any provision for further imprisonment in case of default in the payment of the fine. Because of an appeal, commitment on this judgment did not issue until March 7, 1929, and appellant commenced serving the sentence of imprisonment on March 15, 1929.

Though, as already noted, this judgment contained no direction for further imprisonment on account of the fine, the clerk inserted in the commitment the clause, "and that he (appellant) be further imprisoned at the same place until he shall have paid said fine or until he shall be discharged by law." This insertion constitutes the basis of a minor contention which may be summarily disposed of by saying that under section 1041, Rev. St. U. S. (18 USCA § 569), it is dis-

RUDKIN, Circuit Judge, dissenting.

cretionary with the court to order or not to order a defendant imprisoned in case of his failure to pay a fine, that the court did not in this case direct such imprisonment, and that therefore the clerk having acted without authority in making the entry that part of the commitment is void. See Wagner v. United States (C. C. A.) 3 F.(2d) 864. This view being conceded by appellee, further discussion is unnecessary.

 The second judgment in the Washington district (in cause No. 40011) was entered on March 15, 1929, and a commitment forthwith issued thereon. It will thus be seen that when on March 15, 1929, appellant was delivered into appellee's custody, the marshal held a commitment upon each of the Washington judgments. This second judgment was also for fifteen months' imprisonment (no fine) at McNeil's Island, with the express provision that, "said term of imprisonment is to run consecutively and not concurrently with and in addition to the sentence heretofore imposed in a former cause." Understanding this reference to be to case No. 11630, which, in so far as appears, was the only cause in that court to which appellant was a party, the clerk in preparing the commitment made specific reference thereto by its number.

Invoking the general rule that, "where sentences are imposed on verdicts of guilty or pleas of guilty on several indictments, or on several counts of the same indictment, in the same court, each sentence begins to run at once and all run concurrently, in the absence of some definite, specific provision that the sentences shall run consecutively, specifying the order of sequence" [Puccinelli v. United States (C. C. A.) 5 F.(2d) 6, 7], appellant contends that the provision in this second judgment, which admittedly was intended to prescribe sequence of some kind, is ineffective (1) because it does not direct the order in which the two sentences shall be served, and (2) because the clause "sentence heretofore imposed in a former cause" is too indefinite and uncertain to identify the judgment in No. 11630, and that the entry of this descriptive number in the commitment, being unauthorized, is void.

Upon the question how far a judgment must go in directing the order in which two or more sentences are to be served, the decided cases exhibit a measure of apparent diversity. See United States v. Patterson (C. C.) 29 F. 775; Howard v. United States (C. C. A.) 75 F. 986, 34 L. R. A. 509; Neely v. United States (C. C. A.) 2 F.(2d) 849; Ex

parte Lamar (C. C. A.) 274 F. 160; Fredericks v. Snook (C. C. A.) 8 F.(2d) 966; Rice v. United States (C. C. A.) 7 F.(2d) 319; Alvarado v. United States (C. C. A.) 9 F.(2d) 385; Austin v. United States (C. C. A.) 19 F.(2d) 127; United States v. Carpenter (C. C. A.) 151 F. 214, 9 L. R. A. (N. S.) 1043, 10 Ann. Cas. 509; United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309. But considering the source and date of this last case, we think it must be regarded as in principle ruling adversely to appellant, his first contention. The pertinent part of the judgment therein reviewed was as follows:

"It is by the court considered and adjudged that said defendant is guilty of the crime aforesaid, and that as punishment therefor said defendant be confined in the United States penitentiary situated at Leavenworth, Kansas, for the term of five (5) years on each of said three counts, and until he shall have been discharged from said penitentiary by due course of law. Said term of imprisonment to run consecutively and not concurrently."

And of it the court said:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard, the judgment here questioned was sufficient to impose total imprisonment for 15 years, made up of three 5-year terms, one under the first count, one under the second, and one under the third, to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry."

True, here the sentences are in two separate causes, whereas there they were on three counts of a single indictment. But logically that consideration cannot be controlling; the question in either case is of the intent of the court. There, it seems probable, the trial court intended that the sequence of the sentences should be in the order of the several counts upon which they were predicated, and here it would seem equally if not more probable the court intended the sequence should follow the order in which the judgments were entered. When the court directed that the sentence which it was then imposing should run "consecutively with" and should be "in addition to" another pre-existing judgment, the language closely approximates an express

direction that it was to follow and not precede such judgment.

The other contention is perhaps more debatable, but, upon consideration, we are constrained to the view that it should not be sustained. The Oregon judgment is obviously pleaded as a mere make-weight and, the uncertainty thus sought to be created is purely fanciful. It is scarcely suggested that in imposing sentence No. 40011 the court had knowledge of that judgment and, it having been fully satisfied more than three years prior thereto, it would be preposterous to say that by the clause in No. 40011, "sentence heretofore imposed in a former cause," the reference was to it. The judgment in No. 11630 was of record in the identical court in which No. 40011 was pending, and that record disclosed that the judgment therein was unsatisfied and that a few days previously commitment thereon had issued but had not yet been returned. And there is no suggestion of any other unsatisfied judgment against appellant. Taking the entire record as pleaded by appellant, the conclusion is inescapable that the court referred to this judgment alone and intended that the sentence then imposed should be served following the execution of that sentence. We entertain no doubt that such was the understanding of all parties concerned and now to hold with appellant would, through a technical informality affecting no substantial right, result in a plain miscarriage of justice. As was said in the Daugherty Case, supra, "sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." The record, we think, fairly measures up to this standard. See, also, the Lamar Case (C. C. A.) 274 F. 160, and the Austin Case (C. C. A.) 19 F.(2d) 127.

Affirmed.

RUDKIN, Circuit Judge (dissenting).

As said by the Supreme Court in United States v. Daugherty, cited in the majority opinion, "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them." If this be the rule, a sentence which contains no further description of a prior sentence than a general reference to a sentence imposed in a former cause, without naming the court or the place of confinement, does not, in my opinion, measure up to this requirement.