**Jay V. BALL, Movant,**

v.

**James D. HENDERSON, Warden, United States Penitentiary, Atlanta, Georgia, Respondent.**

**Civ. A. No. 2789.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 7, 1972.

Jay V. Ball, Movant, pro se.

John L. Bowers, U. S. Atty., by Robert L. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a motion to correct a prison sentence. The movant Mr. Ball undertakes to invoke the jurisdiction of this Court under 28 U.S.C. § 2255, while seeking a writ of mandamus under 28 U.S.C. § 1361. The relief the movant seeks is in relation to the alleged computation of his aggreate sentence by the respondent or his delegate[s]. *Inter alia,* the respondent moves the Court to dismiss the application of the movant, on the ground that the Court lacks jurisdiction of the respondent Mr. Henderson. 28 U.S.C. § 1391(b).

It is alleged in the movant's application that he is currently an inmate of the United States penitentiary, Atlanta, Georgia, and that the respondent is the warden of that institution. The Court notices judicially that this institution is located in the Northern District of Georgia. It is provided by 28 U.S.C. § 1391 that

> * * * A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

It is provided by 28 U.S.C. § 2255 that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

Viewing the movant's application as one in the nature of a mandamus to compel the respondent to perform a duty allegedly owed the movant, this Court clearly has no jurisdiction. View-

ing the movant's application as one for habeas corpus relief under 28 U.S.C. § 2255, it is the opinion and conclusion of this Court that it does have jurisdiction. The movant is authorized by law to apply to the sentencing court to correct a claimed error in the sentence. 28 U.S.C. § 2255; see United States v. Hayman (1952), 342 U.S. 205, 219, 72 S.Ct. 263, 95 L.Ed. 232, 241 (headnote 4.)

■ The motion and the files and records in United States of America, plaintiff, v. Jay V. Ball, defendant, criminal actions nos. 6774–7045, both in this district and division, show conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255. Mr. Ball was sentenced on May 14, 1964 in action no. 6774 to the custody of the Attorney General or his authorized representative for imprisonment for a period of five years, subject to the provisions of 18 U.S.C. § 4208(a) (2). This judgment of conviction was affirmed, C.A.6th (1965), 344 F.2d 925, and certiorari was denied (1965), 382 U.S. 907, 86 S.Ct. 245, 15 L.Ed.2d 160. Before expiration of this sentence, Mr. Ball was sentenced on August 15, 1969 in action No. 7045 to the custody of the Attorney General or his authorized representative for imprisonment for a period of five years on one count, and imposition of sentence on another count was suspended and Mr. Ball was placed on probation for a period of five years consecutively to the period of imprisonment in the first-mentioned count. This judgment of conviction was affirmed, C.A.6th (1970), 428 F.2d 26, and certiorari was dismissed (1970), 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33. This Court's order of July 27, 1970 on the mandate issued in action no. 7045 provided, *inter alia*, that " * * * the United States [m]arshal will forthwith execute said judgment (1) by causing a detainer to be placed with the federal authorities now having custody of Jay V. Ball, and (2) upon notice of release date, by being present, if necessary, at place of confinement and to take him into custody to begin service of judg-ment entered in this cause on August 15, 1969. * * * "

The movant Mr. Ball claims that there is ambiguity in these respective sentences of this Court; that the presumption is that sentences imposed on more than one offense at different times run concurrently; and that the movant is entitled to have the language of the respective sentences construed in such manner that they ran (or are running, as the case may be) concurrently. This Court finds no ambiguity in the respective sentences. The Court imposed a legal and clear sentence of imprisonment on the movant in 1964 and another sentence of imprisonment on him which was likewise legal and clear in 1969. " * * * [T]he intent of the court governs in determining whether sentences run concurrently or consecutively. * * * " 21 Am.Jur.2d 524 Criminal Law, § 547, citing, *inter alia*, Boyd v. Archer, C.A. 9th (1930), 42 F.2d 43, 44 [4], 70 A.L. R. 1507. It was not the intention of this Court that such sentences of imprisonment run concurrently, and there is nothing in the aforementioned files and records to so indicate.

The computation of the aggregate time that Mr. Ball is to actually serve under both such sentences is a matter which addresses itself to the Attorney General or his authorized representatives in the bureau of prisons. That Mr. Ball may have been conditionally released in action no. 6774, may have violated the terms and conditions of such release, and may have been reincarcerated to complete all or some part of the sentence of imprisonment therein, and the fact that Mr. Ball may now be released conditionally again in no. 6774 or in no. 7045 are not matters of present concern to this sentencing court.

The movant Mr. Jay V. Ball hereby is denied all relief. Rule 58, Federal Rules of Civil Procedure. Should the movant give timely notice of an appeal from this decision, he is authorized to proceed on appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.