## DAUGHERTY v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. November 5, 1924. Rehearing Denied January 30, 1925.)

No. 6595.

**1. Poisons ⬦⇒4—Intent not element of crime of selling narcotics.**

Criminal intent is not element of crime of selling narcotics, denounced by Act Dec. 17, 1914, § 2 (Comp. St. § 6287h).

**2. Indictment and information ⬦⇒127—Different sales to different persons on different days constitute separate offenses.**

Different sales of narcotics to different persons on different days constitute three separate offenses, under Act Dec. 17, 1914, § 2 (Comp. St. § 6287h).

**3. Indictment and information ⬦⇒111(1)—Indictment charging sale of narcotics need not negative exceptions named in act.**

Indictment charging sales of narcotics in violation of Act Dec. 17, 1914, § 2 (Comp. St. § 6287h), need not negative exceptions named in such act.

**4. Criminal law ⬦⇒1216(2)—Sentences on different counts held to run concurrently, and not consecutively.**

Defendant, convicted of selling narcotics in violation of Act Dec. 17, 1914, § 2 (Comp. St. § 6287h), under indictment containing three counts, sentenced to confinement "for the term of five years on each of said counts and until he shall have been discharged from said penitentiary by due process of law, said term of imprisonment to run consecutively and not concurrently," was not sentenced for fifteen years, five years. the maximum provided in section 9, on each count, but the sentences in such case

*Rehearing denied 3 F.(2d) —.

were to run concurrently, and not consecutively. in view of failure to designate order of sequence.

**5. Criminal law ⬦⇒1216(2)—Sentences on several counts, or on several indictments consolidated for trial, run concurrently, in absence of provision specifying order of sequence.**

Cumulative sentences are permissible, and in some cases appropriate; but sentences imposed on verdict of guilty or pleas of guilty on several counts, or on several indictments consolidated for trial, run concurrently, in absence of specific and definite provision therein that they be made to run consecutively by specifying order of sequence.

In Error to the District Court of the United States for the District of Minnesota.

James Daugherty was convicted of selling narcotics, and he brings error. Affirmed.

James Daugherty, pro se.

Lafayette French, Jr., U. S. Atty., and George A. Heisey, Asst. U. S. Atty., both of St. Paul, Minn.

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

LEWIS, Circuit Judge. The plaintiff in error was charged in three counts of an indictment with commissions of the offense defined by Section 2 of the Act of December 17, 1914. 38 Stat. 785, Comp. Stat. § 6287h. The first count charged that on January 4, 1923, at Minneapolis, Minnesota, he sold to Charles Elmer cocaine, the amount being unknown to the grand jury; the second, that on January 10, 1923, at Minneapolis, Minnesota, he sold to F. H. Entriken cocaine, the amount being unknown to the grand jury; and the third, that on January 17, 1923, at Minneapolis, Minnesota, he sold to D. Ellison morphine, the amount being unknown to the grand jury.

[1, 2] The contention that each sale should be taken as resulting from one and the same criminal intent and therefore the three counts charge only one crime, is not sound; because criminal intent is not an element of the crime, and because each count charges a different sale to a different person and on a different day, and if the sales were made as charged they constituted three separate offenses.

[3] It was not necessary that the indictment negative the exceptions named in the Act. Wallace v. U. S., 243 F. 300, 304, 156 C. C. A. 80; Melanson v. U. S., 256 F. 783, 785, 168 C. C. A. 129; Rothman v. U. S. (C. C. A.) 270 F. 31; Manning v. U. S. (C. C. A.) 275 F. 29.

[4] The plaintiff in error pleaded guilty to all of the charges in the three counts and was sentenced to imprisonment in the penitentiary. His motion in arrest was then denied, and he now complains that he was sentenced on the three counts to imprisonment for fifteen years, five years on each count, the maximum provided in Section 9 of the Act (Comp. St. § 6287o). In this we think he is mistaken, and that the sentence was only for a term of five years. It reads thus: That the defendant "be confined in the United States Penitentiary situated at Leavenworth, Kansas, for the term of five (5) years on each of said three counts and until he shall have been discharged from said penitentiary by due course of law. Said term of imprisonment to run consecutively and *not* concurrently."

[5] Where sentences are imposed on verdicts of guilty, or pleas of guilty, on several counts or on several indictments consolidated for trial, it is the rule that the sentences so imposed run concurrently, in the absence of specific and definite provision therein that they be made to run consecutively by specifying the order of sequence. If the order in which the terms of imprisonment for the different offenses is to be served, is not clearly designated, the terms are to be served concurrently, and the defendant cannot be held in further confinement under the sentence after the expiration of the longest term imposed. Cumulative sentences are permissible, and in some cases are appropriate, but when imposed on different counts or indictments there must be certainty in the order of sequence. Howard v. U. S., 75 F. 986, 21 C. C. A. 586, 34 L. R. A. 509. A clear exposition of the reasons for this requirement is made by Mr. Justice Bradley in United States v. Patterson (C. C.) 29 F. 775. That was a proceeding on habeas corpus. One Baldwin, who sued out the writ, had been convicted and sentenced on three counts of an indictment charging him with violation of the National Banking Act (Comp. St. § 9744 et seq.). The sentence was this: "The court do order and adjudge that the prisoner, Oscar L. Baldwin, be confined at hard labor in the state's prison of the state of New Jersey, for the term of five years upon each of the three indictments above named, said terms not to run concurrently; and from and after the expiration of said terms until the costs of this prosecution shall have been paid." In considering the effect of this sentence the learned Justice said:

"It is manifest that the judgment or sentence in this case is uncertain in this respect: it imposes the penalty of imprisonment at hard labor in the state's prison for the term of five years upon each indictment, and adds that the said terms shall not run concurrently, but does not specify upon which indictment either of said terms of imprisonment is to be undergone. If the prisoner is to be detained in prison for three successive terms, neither he, nor the keeper of the prison, nor any other person, knows, or can possibly know, under which indictment he has passed his first term, or under which he will have to pass the second or the third. If, for any reason peculiar to either of said indictments, as, for example, some newly discovered evidence, should be a different face put upon the case, so as to induce the executive to grant the prisoner a pardon of the sentence on that indictment, no person could affirm which of the three terms of imprisonment was condoned. If a formal record of any one of the indictments, and the judgment rendered thereon, were, for any reason, required to be made out and exemplified, no clerk or person skilled in the law could extend the proper judgment upon such record. He could not tell whether it was the sentence for the first, the second, or the last term of imprisonment. Without the last words of the sentence, declaring that the terms of imprisonment should not run concurrently, it would be sufficiently clear and certain. It would then, by force of law, be a sentence of five years' imprisonment on each indictment, and each sentence would begin to run at once, and they would all run concurrently. Such a sentence is lawful and proper. But the addition that they were not to run concurrently, without specifying the order in which they were to run, is uncertain, and incapable of application. It seems to me that the additional words must be regarded as void.

"The words used are undoubtedly equivalent to the words 'the said terms shall follow each other successively.' But, if these words had been used, the case would not have been different. The inherent vice of being insensible and incapable of application to the respective terms, without specifying the order of their succession, would still exist. The joint sentence is equivalent to three sentences, one on each indictment. One of them is applicable to the indictment for misapplication of funds; but, if they are successive, which one? That which is first to be executed, or that which is secondly or thirdly to be executed? No intelli-

gence is sufficient to answer the question. A prisoner is entitled to know under what sentence he is imprisoned. The vague words in question furnish no means of knowing. They must be regarded as without effect, and as insufficient to alter the legal rule that each sentence is to commence at once, unless otherwise specially ordered.

"If this were a mere error, it could not be considered on habeas corpus. The judgments of the district and circuit courts in criminal cases are final, and cannot be reviewed by writ of error, and a mere error of law, if in fact committed, is irremediable; as much so as are the decisions of the supreme court. But if a judgment or any part thereof is void, either because the court that renders it is not competent to do so for want of jurisdiction, or because it is rendered under a law clearly unconstitutional, or because it is senseless, and without meaning, and cannot be corrected, or for any other cause, then a party imprisoned by virtue of such void judgment may be discharged on habeas corpus.

"I do not say that the judgment in this case is void. It is a good judgment for the term of five years' imprisonment on each indictment. Perhaps these terms might have been lawfully made to take effect successively, if the order of their succession had been specified, although there is no United States statute authorizing it to be done. But this was not done. No distinction was made between them in this respect, and, as neither of them was made to take effect after the one or the others, they all took effect alike; that is, from the time of the rendering of judgment. The additional words as to non-concurrence are void, because they are incapable of application. It is as if a man should be sentenced to successive terms of imprisonment on each of several indictments, and to hard labor, or to be kept on bread and water, during one of the terms, without specifying which. The latter part of such a sentence would clearly be void, for it could not be allowed to the jailer to exercise his discretion as to the application of the aggravated penalties.

"If there were any way in which the district court could amend its judgment, the case might perhaps be different. But I see no way in which it could do so without passing a new sentence, and that it could not do now, after the term has passed, and after one term of imprisonment has been suffered. What right would the court have now to determine that the expired term was due to any particular indictment more than to either of the others?"

We conclude that the contention is without merit, that plaintiff in error was not sentenced to imprisonment for fifteen years but for a term of five years. There was no error in the proceedings.

Affirmed.