**CRONIN, U. S. Marshal, et al. v. FOX.**

(Circuit Court of Appeals, Eighth Circuit.
January 30, 1926.)

No. 6921.

Criminal law ⬅1216(2)—Sentence held to impose terms to be served consecutively and not concurrently.

Sentence of imprisonment "for a term of three months as to the third count, * * * and * * * for a term of three months as to the fourth count, * * * said sentences of imprisonment to run consecutively," imposed terms to be served consecutively and not concurrently, and prisoner was not entitled to release after serving approximately five months.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Habeas corpus proceeding by William J. Fox against Dennis H. Cronin, United States Marshal for the District of Nebraska, and another. From an order sustaining the writ and discharging the petitioner, respondents appeal. Reversed and remanded.

James C. Kinsler, U. S. Atty., of Omaha, Neb., and Ambrose C. Epperson, Asst. U. S. Atty., of Clay Center, Neb., George A. Keyser, and Andrew C. Scott, Asst. U. S. Attys., both of Omaha, Neb., for appellants.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

KENYON, Circuit Judge. This is an appeal from an order of the District Court of the United States for the District of Nebraska sustaining a writ of habeas corpus and discharging appellee from custody of appellants.

William J. Fox was tried and convicted in the United States District Court of Nebraska on three counts of an information charging him with violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The sentence was as follows: "Considered, ordered, and adjudged that said defendant, William J. Fox, be imprisoned in the jail of Dodge county, at Fremont, Neb. (for a term of three [3] months, as to the third count of said information, and be imprisoned in said jail for a term of three [3] months, as to the fourth count of said information, said sentences of imprisonment to run consecutively), and pay into this court a fine of four hundred ($400.-00) dollars, and be imprisoned in said jail until said fine is paid, as to the fifth count of said information." Under said sentence he was duly imprisoned in the jail of Dodge

county at Fremont, Neb., and at the time of the issuance of the writ he had been imprisoned in said jail for a period of approximately five months. Upon a hearing on the petition and the return made by Dennis H. Cronin, United States marshal, and W. C. Condit, keeper of the jail of Dodge county, Neb., the District Court found that petitioner was unlawfully imprisoned and detained in the custody of said parties, and ordered "that Dennis H. Cronin, marshal as aforesaid, and W. C. Condit, sheriff as aforesaid, release and discharge the said William J. Fox from further custody and imprisonment upon the issuance of a certificate from a United States commissioner pursuant to section No. 1042, Revised Statutes, and filed in said cause. That all costs herein be paid by the United States. To all of which the respondents herein except and give notice of appeal. Dated November 28, 1924."

Said marshal and sheriff appeal to this court.

Appellee was discharged on the strength of the decision of this court in Daugherty v. United States, 2 F.(2d) 691. It was there held that a somewhat similar sentence reading as follows: "That the defendant 'be confined in the United States penitentiary situated at Leavenworth, Kansas, for the term of five (5) years on each of said three counts and until he shall have been discharged from said penitentiary by due course of law. Said term of imprisonment to run consecutively and not concurrently,'" was in fact a sentence for a term of five years and no more; that the order in which the terms of imprisonment for the different offenses were to be served was not clearly designated, and therefore the terms on the various counts were to be served concurrently, and that defendant could not be held in confinement "after the expiration of the longest term imposed."

On January 4, 1926 (46 S. Ct. 156, 70 L. Ed. ——), the Supreme Court of the United States reversed this decision, saying with reference thereto: "Tested by this standard the judgment here questioned was sufficient to impose total imprisonment for 15 years, made up of three 5-year terms, one under the first count, one under the second, and one under the third, to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently,' are not consistent with a 5-year sentence." The decision of the Supreme Court of the United States is, of course, con-

clusive and decisive of this case, and appellee has approximately one month more to serve of his sentence, and even more if the fine is not paid.

The order of the District Court sustaining the writ of habeas corpus and discharging Fox from the custody of appellants is reversed, and the case is remanded to the District Court, with instructions to vacate the order, discharge the writ, and remand Fox to the custody of appellants or their official successors.

Reversed and remanded.