## ROSSO v. ADERHOLD, Warden.
### No. 6788.

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1933.

John Rosso, of Atlanta, Ga., in pro. per.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

John Rosso, applicant for a writ of habeas corpus, was convicted February 4, 1924, on six counts of an indictment charging six several sales of heroin on different days and in varying quantities, but to the same man. The minute of his sentence reads: "Defendant present and sentenced to be imprisoned for two years each on first five counts and five years on sixth count, at federal penitentiary at Atlanta, Georgia, making a total of fifteen years." He claims that since no order of sequence in serving the terms on the several counts was prescribed, they are concurrent, and since he has now been imprisoned more than five years he has served them all. A further contention is that all the sales having been made to one man, there was but one criminal intent and but one crime, and the several terms of imprisonment appear thus to be as a matter of law an unconstitutional multiple punishment.

These same contentions were brought before us by Rosso hitherto, and denied. 52 F. (2d) 1086. That decision is not, however, res judicata. Wong Doo v. United States, 265 U. S. 239, 44 S. Ct. 524, 68 L. Ed. 999. We will elaborate it.

That the court could punish each of a number of sales made to the same man but at different times, they appearing to have been separate transactions, is established by Blockburger v. United States, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306.

As to the concurrence of the terms of imprisonment, we recognize that several sentences to imprisonment in the same prison will all begin to run at once unless there is a distinct provision otherwise. It has also been said that such concurrence will result, notwithstanding an express provision that they are to be cumulative, unless an order of sequence is explicitly fixed, so that the prisoner and his warden can at all times know which sentence is being served. United States v. Patterson (C. C.) 29 F. 775; Daugherty v United States (C. C. A.) 2 F.(2d) 691, on rehearing (C. C. A.) 4 F.(2d) 344. We see no practical importance of such knowledge. All the sentences are aggregated in estimating the good-time allowance under 18 USCA § 710.

If by reversal, pardon, or otherwise the prisoner be relieved of one of the sentences, and there is any question about which one he has served, his service ought to be referred to the sentences which stand unremitted. We regard as now established, at least as to several counts of the same indictment, the more sensible rule that where sentence is pronounced imposing at the same time several terms of imprisonment, and the language of the sentence makes it clear that the judge intended them to be served not concurrently, but consecutively, although no order of their service is prescribed, they will not be concurrent, but a sequence of service corresponding to the order of the counts will be implied. United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309, reversing (C. C. A.) 2 ·F.(2d) 691, supra, and approving Neely v. United States (C. C. A.) 2 F.(2d) 849. Such a sentence, though disapproved as irregular, being thus sustained as imposing consecutive terms on appeal, will a fortiori be sufficient on habeas corpus. In the case at bar the concluding words, "making a total of fifteen years," sufficiently show the intent of the judge that the terms of imprisonment on the several counts are not to be served concurrently. They indeed amount to an aggregated sentence of fifteen years on all the counts, which, though also an irregular sentence, is sustainable on appeal. Neely v. United States (C. C. A.) 2 F.(2d) 849; Flynn v. United States (C. C. A.) 57 F.(2d) 1044; and also on habeas corpus. Blake v. Moyer, Warden (C. C. A.) 208 F. 678; Adams v. White, Warden (C. C. A.) 31 F.(2d) 982.

Judgment affirmed.