### LEE v. ADERHOLD, Warden.
### No. 728.

District Court, N. D. Georgia.
Dec. 9, 1933.

Parker H. Lee, in pro. per.

C. W. Hager, U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was sentenced in the Supreme Court of the District of Columbia on an indictment for murder. A plea of guilty was entered, and petitioner, on May 6, 1927, was "sentenced to a penitentiary, for a period

of twenty-five years, to take effect from and including this day."

On July 29, 1927, upon warrant of removal, petitioner was placed in the custody of the warden of the United States Penitentiary at Atlanta, Ga.

Petitioner contends that his present detention in the penitentiary at Atlanta, Ga., is unlawful, and that he should be returned to the proper penal institution of the District of Columbia, because such detention in Atlanta deprives him of the equal protection of the law and operates to make the sentence imposed upon him more onerous than authorized by law.

This, petitioner claims, results from the fact that by an act approved July 15, 1932 (47 Stat. 696 [D. C. Code Supp. I, 1933, T. 6, § 451 et seq.]), establishing a Board of Indeterminate Sentence and Parole for the District of Columbia, he is entitled to apply for and have the Board of Indeterminate Sentence and Parole pass upon his application for parole after he has served one-fifth of the sentence imposed; and from the fact that he has already served more than one-fifth of his sentence and neither the Board of Indeterminate Sentence and Parole nor the Parole Board of the Atlanta Penitentiary will consider his application for parole.

■ The above-mentioned act (section 9, D. C. Code Supp. I, 1933, T. 6, § 458) provides "that in the case of a prisoner convicted of felony committed prior to the effective date of this Act [July 15, 1932], and in the case of any prisoner convicted of misdemeanor when the aggregate sentence imposed is in excess of one year, said Board of Indeterminate Sentence and Parole may parole said prisoner, under the provisions of this Act [sections 451–458 of this title], after said prisoner has served one-fifth of the sentence imposed." Another part of the act (section 7, D. C. Code Supp. I, 1933, T. 6, § 457) repeals "all Acts or parts of Acts inconsistent with the provisions of this Act [sections 451–458 of this title]."

The repealing clause, however, provides "that for any felony committed before this Act takes effect [July 15, 1932], the penalty, sentence, or forfeiture provided by law for such felony at the time such felony was committed shall remain of full force and effect and shall be imposed, notwithstanding this Act [sections 451–458 of this title]."

It appears, however, that the last-quoted provision was not intended to apply to the granting of paroles: First, because the granting of parole does not change the penalty, sentence, or forfeiture provided by law, but is a matter of grace granted by Congress which may be changed from time to time; and, second, because the provision granting the prisoner the right to apply for parole after one-fifth of his sentence would be meaningless, if the repealing clause were construed to cut off this right.

■ I am, therefore, of opinion, that petitioner in this case has the right, under the act, to apply for parole after he has served one-fifth of his time, and that he cannot be lawfully deprived of this right by his transfer to and detention in an institution where it cannot be afforded him.

■ By the Act of May 14, 1930 (18 USCA § 753f), the Attorney General is authorized to designate the institution where a convict shall serve his term, provided it is of the type of institution designated by the court passing the sentence.

This authority, however, is necessarily limited by the prisoner's constitutional right to equal protection of the law and to the right not to have his sentence increased or made more onerous by such transfer or detention.

■ It appears in this case that the detention of petitioner in the Atlanta Penitentiary makes it impossible for him to apply for parole after the expiration of one-fifth of his term, which would be five years, and makes it necessary for him to serve one-third of his term, or eight and one-third years, before being permitted to apply for parole.

His detention in the Atlanta Penitentiary, therefore, makes his sentence more onerous than the law provides, and he is entitled to be removed to an institution in the District of Columbia where such right may be available to him.

It is my conclusion that the petitioner, who has already served more than one-fifth of his sentence but is denied the right to apply for parole, cannot be legally detained and required to serve the rest of his sentence in the Atlanta Penitentiary, where under the law he cannot apply for parole till he has served one-third of his sentence.

Whereupon, it is considered, ordered, and adjudged that respondent hold and detain petitioner in custody for a period of not exceeding thirty days from this date, notifying the Attorney General in the meantime of the court's ruling in this case in order that he may transfer petitioner to a proper institution for prisoners convicted in the District

952

of Columbia; and if at the end of the period of thirty days petitioner be not transferred in accordance with this order, then respondent shall discharge petitioner from custody forthwith.