UNITED STATES ex rel. BRACEY v. HILL.

No. 5559.

Circuit Court of Appeals, Third Circuit.

March 28, 1935.

Frank J. McDonnell, U. S. Atty., and Herman F. Reich, Asst. U. S. Atty., both of Sunbury, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court discharging the rule to show cause and dismissing the petition for a writ of habeas corpus in the above cause.

Bracey, the relator, was indicted in the District of Columbia on November 30, 1932, for felonious assaults with dangerous weapons upon Marie C. Bracey. He pleaded guilty on December 16, 1932, and was sentenced on each of the five counts of the indictment. The sentences aggregated in all from eight to twelve years imprisonment in the United States Northeastern Penitentiary at Lewisburg, Pa. He was sentenced from "two years to three years on each of the first, second, third and fourth counts of the indictment to run consecutively as to counts and to take effect from and including this date, and two to three years on the fifth count of the indictment to take effect from and including this date and to run concurrently with the sentence on the first count."

The relator says that the sentences imposed on all counts except the first are illegal because they constitute duplicity, surplusage, double jeopardy, and are contrary to the Fifth Amendment to the Constitution of the United States and to the Indeterminate Sentence and Parole Laws of the District of Columbia.

He says that he was legally sentenced on the first count and that counts 2, 3, and 4 of the indictment charged the same offense as did count 1; that they are therefore duplications and sentences imposed under them must accordingly be concurrent with the sentence on count 1; and that since the crime charged was the same in counts 1 to 4, inclusive, when sentence had been imposed on count 1, sentences on the other counts were duplications and constituted double jeopardy.

The indictment sets forth five separate and distinct crimes. Count 1 charges that Bracey feloniously and willfully made an assault upon Marie C. Bracey with a certain metal pitcher held in his right hand. It is charged that he made similar assaults upon her, in the second count, with a certain bottle opener held in his right hand, in the third count with a certain bottle in his right hand, in the fourth count with a certain "other bottle" in his right hand, and in the fifth count with a certain blunt instrument held in his right hand. Bracey pleaded guilty to these charges. Each of these, if true, constituted separate and distinct offenses and the relator by his plea of guilty admitted that they were true. Consequently, these charges did not constitute duplicity or double jeopardy and the court could impose a sentence on each of the four counts to run consecutively. It is well settled that distinct violations of law growing out of the same transaction constitute separate offenses. Gillenwaters v. Biddle (C. C. A.) 18 F.(2d) 206; Burton v. United States, 202 U. S. 344, 26 S.

Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. Each one of these assaults is the subject of a distinct charge in a separate count of the indictment. These separate offenses could not be established by the same evidence. Consequently, these counts were not duplications, do not constitute double jeopardy, and are not prohibited by the Fifth Amendment.

In addition, there was no question here as to the jurisdiction of the court, and the relator raised mere questions of law which could not be raised by the writ of habeas corpus, for that writ "may not be used as a writ of error to correct an erroneous judgment of conviction of crime, but may be resorted to only where the judgment is void because the court was without jurisdiction to render it." McNally v. Hill, 293 U. S. 131, 55 S. Ct. 24, 27, 79 L. Ed. ——; Knewel v. Egan, 268 U. S. 442, 445, 45 S. Ct. 522, 69 L. Ed. 1036; United States ex rel. Brown v. Henry C. Hill (C. C. A.) 74 F.(2d) 822 (decided December 7, 1934).

The relator further contends that the sentence violates the Sentence and Parole Laws of the District of Columbia.

The Indeterminate Sentence Law applicable to the District of Columbia, approved July 15, 1932 (D. C. Code Supp. I, 1933, T. 6, § 451 et seq.), provides in section 3 (section 453):

"That hereafter, in imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period, not exceeding the maximum fixed by law, and for a minimum period not exceeding one-fifth of the maximum period fixed by law, and any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence."

It is provided in title 6 of the Code of the District of Columbia, § 27 (31 Stat. p. 1321, c. 854, § 804), that: "Every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years." The assaults here in question were committed with a dangerous weapon and the maximum to which the relator could have been sentenced on each count was ten years. The maximum sentence imposed by the trial court on each count was three years, and it thus did not exceed the maximum of ten years fixed by law. The minimum sentence on each of the four counts was two years. This sentence therefore did not exceed one-fifth of the maximum period fixed by law of ten years. Therefore the sentence was not in violation of the Indeterminate Sentence and Parole Law of the District of Columbia. There is no ground for reversal of the judgment of the District Court and it is accordingly affirmed.