**BRACEY v. HILL.**

No. 68.

District Court, M. D. Pennsylvania.

June 29, 1935.

Jack Bracey, in pro. per.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This case comes before the court on a petition for a writ of habeas corpus filed by Jack Bracey, an inmate of the United States Northeastern Penitentiary at Lewisburg, Pa.

The petitioner was indicted in the District of Columbia on November 30, 1932, for felonious assaults with dangerous weapons upon Marie C. Bracey. He pleaded guilty on December 16, 1932, and was sentenced on each of the five counts of the indictment. The sentences aggregated in all from eight to twelve years.

The petitioner's contentions that the indictment charges but one offense, that the trial court was without jurisdiction to impose sentence on more than one count of the indictment, that the petitioner was placed in double jeopardy, and that the sentence violates the Sentence and Parole Laws of the District of Columbia, were passed upon by this court and found to be without merit in the case of United States of America ex rel. Jack Bracey v. Henry C. Hill, Warden, No. 46 Habeas Corpus. On appeal, the Circuit Court of Appeals for the Third Circuit, 77 F.(2d) 970, in an opinion filed March 28, 1935, likewise held these contentions to be without merit.

The petitioner makes several additional contentions in this case. He contends that there is no law authorizing the imposition of consecutive sentences and that the sentences in this case run concurrently since no order of sequence is stated. The federal courts, without question, have the power to impose consecutive sentences. United States v. Solomon (C. C. A.) 70 F.(2d) 834; Eyler v. Aderhold (C. C. A.) 73 F.(2d) 372. The commitment shows that the petitioner was sentenced "for the period of 2 to 3 years on 1st, 2nd, 3rd, and 4th counts to run consecutively (8 to 12 years in all). * * *" This sentence is clearly a consecutive one and is valid, although no order of service is prescribed. Such a sentence was held valid in the case of Rosso v. Aderhold, Warden, 67 F.(2d) 315, 316, where the Circuit Court of Appeals for the Fifth Circuit said: "We regard as now established,

at least as to several counts of the same indictment, the more sensible rule that where sentence is pronounced imposing at the same time several terms of imprisonment, and the language of the sentence makes it clear that the judge intended them to be served not concurrently, but consecutively, although no order of their service is prescribed, they will not be concurrent, but a sequence of service corresponding to the order of the counts will be implied."

The petitioner further contends that he was never legally committed to the United States Northeastern Penitentiary since he was tried, convicted, and sentenced in the District of Columbia, and under the Indeterminate Sentence and Parole Act of the District of Columbia of July 15, 1932 (D. C. Code Supp. I, 1933, T. 6, § 451 et seq.), he could not be legally committed to an institution outside of the District of Columbia. Prior to the passage of the Indeterminate Sentence and Parole Act, there was no question as to the power of the Attorney General to designate any federal penitentiary outside of the District of Columbia for prisoners convicted of felony in the District of Columbia. See 18 U. S. C. 697, 704, and 753f (18 USCA §§ 697, 704, 753f). With the passage of the Indeterminate Sentence and Parole Act of July 15, 1932 (D. C. Code Supp. I, 1933, T. 6, § 451 et seq.), it was provided that felony sentences in the courts of the District of Columbia be indeterminate and subject to the parole provisions of that act. Since the power of the board of parole created under that act did not extend beyond the District of Columbia and prisoners transferred to institutions outside of the District were subject to the general board of parole which was not authorized to act in cases of parole under the Indeterminate Sentence and Parole Act of the District of Columbia, it might be inferred that defendants sentenced under said Indeterminate Sentence and Parole Act could not be validly committed to penal institutions outside of the District of Columbia. This question was raised in the case of Lee v. Aderhold (D. C.) 5 F. Supp. 950, reversed in (C. C. A.) 68 F.(2d) 824. Probably as a result of that case, the Indeterminate Sentence and Parole Act of the District of Columbia was amended on June 5, 1934 (48 Stat. 880) as follows: "Sec. 10. The Board of Parole created by the Act of Congress entitled 'An Act to amend an Act providing for the parole of United States prisoners, approved June 25, 1910, as amended,' approved May 13, 1930, shall have and exercise the same power and authority over prisoners convicted in the District of Columbia of crimes against the United States and now or hereafter confined in any United States penitentiary or prison (other than the penal institutions of the District of Columbia) as is vested in the Board of Indeterminate Sentence and Parole over prisoners confined in the penal institutions of the District of Columbia."

Thus the same privileges of parole are accorded to prisoners sentenced in the District of Columbia and committed to penal institutions outside of the District as to those sentenced and confined within the District. The amendment therefore removes the question whether a defendant, who was sentenced in the District of Columbia, could be committed to a penal institution outside of the District because of the deprivation of parole. The authority of the Attorney General to transfer prisoners from the District of Columbia to other penal institutions has existed and has been exercised and recognized for a long time prior to the Indeterminate Sentence and Parole Act. This act, as amended, is not inconsistent therewith, but in fact recognizes and aids the exercise of that authority.

The petitioner's additional contentions for the reasons above stated are without merit and the petition for a writ of habeas corpus must be dismissed.

And now, June 29, 1935, the petition for a writ of habeas corpus is dismissed and the writ of habeas corpus discharged.