## BRACEY v. ZERBST, WARDEN.

### No. 1569.

Circuit Court of Appeals, Tenth Circuit.

Nov. 24, 1937.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., for appellant.

Patrick H. Cullen, of St. Louis, Mo. (Clem F. Storckman and Cullen Coil, both of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

Jack Bracey, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus filed by Jack Bracey. An indictment was returned against Bracey in the District of Columbia containing five counts; each count charged a felonious assault with a dangerous weapon upon Marie C. Bracey, the first with a metal pitcher, the second with a bottle opener, the third with a certain bottle, the fourth with a certain other bottle, and the fifth with a certain hard blunt instrument.

Bracey was arraigned and pleaded guilty to each of the five counts. On December 16, 1932, he was sentenced to be imprisoned in a penitentiary to be designated by the Attorney General of the United States for periods of two to three years on each of counts one, two, three and four, to run consecutively, and for a period of two to three years on count five to run concurrently with the sentence imposed on count one.

Bracey was delivered to the superintendent of the Washington Asylum and Jail and shortly thereafter in accordance with the judgment and sentence of the court was transferred to the District of Columbia Reformatory. On July 20, 1933, he was transferred to the United States Northeastern Penitentiary at Lewisburg, Pennsylvania. On December 18, 1935, he was transferred to the United States Penitentiary Annex at Leavenworth, Kansas. On January 23, 1936, he was transferred to the United States Penitentiary at Leavenworth, Kansas.

In his petition Bracey contends: (1) That the indictment charges but one offense and that the trial court was without jurisdiction to impose a sentence on more than one count of the indictment; (2) that he was twice put in jeopardy; (3) that the sentences violate the sentence and parole laws of the District of Columbia, and (4) that he cannot be lawfully confined in a penitentiary outside of the District of Columbia.

The test for determining whether the offenses charged in the several counts of an indictment are identical is whether the facts alleged in one, if offered in support of the others, would sustain a conviction. Curtis v. United States (C.C.A.10) 67 F. 2d 943, 947; Morgan v. Devine, 237 U.S. 632, 639, 35 S.Ct. 712, 59 L.Ed. 1153; Ebeling v. Morgan, 237 U.S. 625, 630, 631, 35 S.Ct. 710, 59 L.Ed. 1151.

Where each count requires proof of a fact which the others do not, the several offenses charged are not identical. Casebeer v. United States (C.C.A.10) 87 F.2d 668, 669; Schultz v. Zerbst (C.C.A. 10) 73 F.2d 668, 669; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489.

It is plain that each of counts one, two, three and four charged an assault with a separate and distinct weapon, and each therefore required proof of a fact which the others did not. It follows that they charged separate and distinct offenses.

It is not necessary to determine whether count five charged a separate and distinct offense because the sentence imposed thereon runs concurrently with the sentence on count one.

If the offenses were not identical there is no double jeopardy. Furthermore, double jeopardy may be waived and may not be raised for the first time in a collateral proceeding. Curtis v. United States

10

(C.C.A.10) 67 F.2d 943, 948; Brady v. United States (C.C.A.8) 24 F.2d 399, 405. This record does not disclose that Bracey presented any claim of double jeopardy to the trial court in which he was sentenced. It shows affirmatively that he entered a plea of guilty to each count of the indictment.

We conclude there is no merit in the first and second contentions.

■ The contention that the sentence imposed was excessive is also without merit. The indeterminate sentence law applicable to the District of Columbia, approved July 15, 1932 (47 Stat. 697, D.C.Code Supp. I, 1933, T. 6, § 451 et seq.) provides in section 3:

"That hereafter, in imposing sentence on a person convicted in the District of Columbia of a felony, the justice or judge of the court imposing such sentence shall sentence the person for a maximum period, not exceeding the maximum fixed by law, and for a minimum period not exceeding one-fifth of the maximum period fixed by law, and any person so convicted and sentenced may be released on parole as herein provided at any time after having served the minimum sentence." (D.C.Code Supp. I, 1933, T. 6, § 453)

Title 6 of the Code of the District of Columbia 1929, § 27 (31 Stat. p. 1321, c. 854, § 804) provides:

"Every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years."

The assaults involved here were committed with dangerous weapons, and the maximum to which Bracey could have been sentenced on each count was ten years. The maximum sentence imposed on each count was three years. None exceeded the maximum of ten years fixed by the statute. The minimum sentence on each count was two years. None exceeded one-fifth of the maximum of ten years fixed by the statute. The sentences are, therefore, in accord with the Indeterminate Sentence and Parole Act.

■ Prior to the passage of the Indeterminate Sentence and Parole Act there was no question as to the power of the Attorney General to designate any federal penitentiary outside of the District of Columbia for the confinement of prisoners convicted of a felony in the District of Co-

lumbia. See 18 U.S.C.A. §§ 697, 704, 753 (f). The Indeterminate Sentence and Parole Act provided that felony sentences imposed in the courts of the District of Columbia should be indeterminate and subject to the parole provisions of that act, and petitioner contends that the jurisdiction of the board of parole established pursuant to that act did not extend beyond the District of Columbia; that the general board of parole was not authorized to parole prisoners sentenced under that act; and therefore, that persons sentenced thereunder could not be lawfully transferred to penal institutions outside of the District of Columbia. See Lee v. Aderhold (D.C.Ga.) 5 F.Supp. 950; Aderhold v. Lee (C.C.A.) 68 F.2d 824. However, after the decisions in that case the Indeterminate Sentence and Parole Act was amended on June 5, 1934 (48 Stat. 880 [D.C.Code Supp. II, 1935, T. 6, § 459]), to read as follows:

"[Sec. 10] The Board of Parole created by the Act of Congress entitled 'An Act to amend an Act providing for the parole of United States prisoners, approved June 25, 1910, as amended,' approved May 13, 1930, (U.S.C. Title 18, section 723a) shall have and exercise the same power and authority over prisoners convicted in the District of Columbia of crimes against the United States and now or hereafter confined in any United States penitentiary or prison (other than the penal institutions of the District of Columbia) as is vested in the Board of Indeterminate Sentence and Parole over prisoners confined in the penal institutions of the District of Columbia."

By such amendment the same privileges of parole are now accorded to prisoners in the District of Columbia committed to institutions outside of the District as those sentenced and confined within the District. The amended act recognizes and supplements the act giving authority to the Attorney General to transfer prisoners from the District of Columbia to other institutions and makes lawful the confinement of Bracey in the United States Penitentiary at Leavenworth, Kansas.

All the questions here presented have been previously decided adversely to petitioner on applications for writs of habeas corpus filed by Bracey while in the United States Northeastern Penitentiary at Lewisburg, Pennsylvania. See Bracey v. Hill (D.C.Pa.) 11 F.Supp. 148; United States v. Hill (C.C.A.3) 77 F.2d 970; Salinger

v. Loisel, 265 U.S. 224, 230, 231, 44 S.Ct. 519, 521, 68 L.Ed. 989.

The judgment is affirmed.