**BUIE v. KING.**

No. 304.

District Court, W. D. Missouri, S. D., at Springfield.

Sept. 29, 1942.

Vivian Wycliff Buie, pro se.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo., for the government.

VAN VALKENBURGH, United States Circuit Judge, assigned.

This petition for a writ of habeas corpus was addressed to "The Hon. Joseph W. Woodrough, a Judge of the United States, one of the Judges of the United States Circuit Court of Appeals for the Eighth Circuit, or any Judge thereof, in Chambers". Judge Woodrough being then absent from the Circuit, the above named Circuit Judge was assigned to hear the application. The history of this case, as disclosed by undisputed court records, is that on the

954

19th of April, 1934, in the District Court of the United States for the Northern District of Texas, petitioner was convicted of devising a scheme to defraud others by means of false and fraudulent representations, and of mailing and causing to be mailed, various letters in execution of such scheme. This conviction was upon seven counts, and the judgment entered was as follows: "It is ordered and adjudged that his punishment be and it is hereby fixed at imprisonment in the United States Penitentiary at Leavenworth, Kansas, for a period of five years on the first count, and at imprisonment in the United States Penitentiary for a period of five years on the remaining counts".

Buie appealed to the Court of Appeals for the Fifth Circuit, and this judgment was affirmed, 76 F.2d 848. Thereafter the commitment issued by the clerk of the district court, December 16, 1935, recited: "That the defendant be imprisoned in the United States Penitentiary at Leavenworth, Kansas, for five years on the first count of the indictment, and five years on the remaining counts thereof, said two five year terms to be served consecutively, and the first to begin and date from the date on which defendant is taken into custody on this commitment".

December 18, 1935, pursuant to said commitment, petitioner was delivered to the Warden of the United States Penitentiary at Leavenworth, Kansas; and on or about February 4, 1937, by due order was transferred to the United States Hospital for Federal Prisoners at Springfield, Missouri.

August 1, 1941, petitioner having served more than five years upon the sentence entered by the District Court for the Northern District of Texas, filed his petition for a writ of habeas corpus in the District Court for the Southern Division of the Western District of Missouri, seeking his discharge from imprisonment on the alleged ground that his sentence had been fully served. On hearing, that court held that under the sentence as written and entered, with no express provision that the two five year periods of imprisonment should run consecutively, it is the established rule that such periods are to be served concurrently. In that hearing petitioner was represented by able counsel, and the court said: "Learned counsel for the United States in his brief seems to admit that this is the established rule of law".

Citing many federal cases, among which are United States v. Patterson, C.C., 29 F. 775; Daugherty v. United States, 8 Cir., 2 F.2d 691; Id., 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Puccinelli v. United States, 9 Cir., 5 F.2d 6; Rice v. United States, 9 Cir., 7 F.2d 319; Fredericks v. Snook, 8 F.2d 966; Rosso v. Aderhold, 5 Cir., 67 F.2d 315; Zerbst v. Kidwell, 5 Cir., 92 F.2d 756; Aderhold v. McCarthy, 5 Cir., 65 F.2d 452; United States v. Remus, 6 Cir., 12 F.2d 239; Odekirk v. Ryan, 6 Cir., 85 F.2d 313; Biddle v. Hall, 8 Cir., 15 F.2d 840; Buessel v. United States, 2 Cir., 258 F. 811.

The District Court, however, gave consideration to the opinion of the Court of Appeals for the District of Columbia in Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, as announcing this doctrine: "Where a judgment in a criminal case is on its face ambiguous, so that it cannot be determined whether it was intended that the sentences imposed were to be served concurrently or consecutively, upon motion and upon proper showing by written memoranda and by the testimony of the judge imposing the sentence as to his recollection of the facts, the judgment may be corrected to conform with the truth, even if the term has passed in which the judgment was imposed".

Furthermore, that when a judgment has been so corrected, and clearly shows that the sentences imposed upon several counts are to be served consecutively, "then the prisoner may not be discharged in a habeas corpus proceeding, but must serve the sum total of the sentences imposed". The district court inclining to accept as sound this announced doctrine, held that reasonable time and opportunity should be given the original trial court to remove the ambiguity from its judgment. It further held that "the language used in the judgment would support the interpretation that possibly it was intended the defendant should serve two successive five year sentences", and ordered, adjudged, and decreed "that the petitioner be discharged from custody by the respondent, provided, however, that the petitioner shall not be discharged from custody for thirty days from the date of the filing of this order, and provided further, that he shall not at all be discharged by reason of this order if within the period of thirty days a modified judgment imposing upon the petitioner terms of imprisonment to be served con-

secutively shall be entered in the United States District Court for the Northern District of Texas and a commitment bottomed upon the modified judgment shall have been delivered to the respondent."

Thereupon the United States of America, through the office of the United States Attorney for the Northern District of Texas, filed its application for a writ of habeas corpus ad prosequendum in cause Number 5957, Criminal, in the District Court for the Northern District of Texas, Fort Worth Division, praying that said writ be directed to the Warden of said Medical Center at Springfield, Missouri, to have said defendant Vivian Wycliff Buie personally present instanter before said court to be advised of its order to be made respecting its rule to show cause why the judgment record should not be corrected to conform to the judgment originally pronounced against him. This application was granted and the writ prayed was duly issued and executed by the presence of Buie in said District Court in Texas. Another district judge presided, a petit jury was summoned and sat; the judge who imposed the original sentence testified at the hearing, as also did the United States Marshal who was in the court room, and the deputy clerk who was in attendance upon the court when the original sentence was pronounced.

September 19, 1941, a judgment was rendered correcting that entered April 19, 1934, to show that it thereby fixed imprisonment in the United States Penitentiary at Leavenworth, Kansas, for a period of five years on the first count of the indictment in the cause contained and imprisonment for a period of five years on the remaining counts, to run consecutively to the sentence imposed upon the first count. A commitment for the purpose of carrying into effect the corrected judgment was ordered. This judgment of correction was appealed by Buie to the United States Circuit Court of Appeals for the Fifth Circuit. His counsel contended (1) the evidence does not support the judgment, (2) that certain evidence introduced by the government was inadmissible, (3) that the court lacked jurisdiction of the subject matter, and (4) that the court was without jurisdiction to change the sentence of its judgment after the expiration of the term at which it was rendered. The Circuit Court of Appeals for the Fifth Circuit affirmed the judgment (Buie v. United

States, 127 F.2d 367), and perhaps its action might well be left without further discussion since no application has been made to the Supreme Court to review that action by certiorari, and the time for such application has expired.

It appears from the record that scrupulous effort was made to forestall criticism of the procedure employed in the correction of the judgment as suggested in the opinion of the Supreme Court in Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, and Downey v. United States, 67 App. D.C. 192, 91 F.2d 223.

In his "reply to respondent's answer and waiver of personal appearance", petitioner "believes that whatever might be adduced by any testimony by anyone is not imperative to a determination of the true issues raised by his petition. He believes this honorable court can determine the really important and material questions raised in his petition without resort to testimony or adducing evidence". He then says: "The most outstanding question raised by the petition is: After the record judgment in a criminal case has been satisfied can the trial court re-imprison the defendant by a nunc pro tunc order amending the original record judgment to insert therein words and figures increasing the substance of the penalty shown by the original record judgment?"

Because in our judgment the foregoing question presents the gist of petitioner's contentions of which this court could entertain jurisdiction in this habeas corpus proceeding, and because of the apparent confusion in decisions which have attended the gradual development of the functions of this statute, we have thought it desirable to add some further consideration to the stated problem. The recognized authority of federal district courts to correct their records and to supply omissions therein has been declared more broadly since the decision in United States v. Patterson, C.C.D.N.J., 29 F. 775. As said, however, in Gagnon v. United States, 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745: "The inherent power which exists in a court to amend its records, and correct mistakes and supply defects and omissions therein, is not a power to create a new record but presupposes an existing record susceptible of correction or amendment". Generally records and decrees cannot be altered after the term, but such rule does not apply in the

case of mere clerical errors. Rupinski v. United States, 6 Cir., 4 F.2d 17. Susceptibility of correction in a record is thus further illustrated in Gagnon v. United States, supra, 193 U.S. at page 458, 24 S.Ct. at page 512, 48 L.Ed. 745: "In such cases there is often a memorandum of some kind entered upon the calendar, or found in the files, and there is no impropriety in ascertaining the fact even by parol evidence, and supplying the missing portion of the records".

The evidence adduced may include the recollection of the presiding judge, and certain notes and memoranda deposited with the clerk in pursuance of law. Gonzales v. Cunningham, 164 U.S. 612, 614, 17 S.Ct. 182, 41 L.Ed. 572. And, semble, memoranda made by the clerk at the trial, though not entered upon the journal in record form.

"It is our opinion that this power, of necessity, exists in the district court, and that its exercise [even after the term is passed at which the record was made up] must in a great measure be governed by the facts of each case". In re Wight, Petitioner, 134 U.S. 136, 145, 10 S.Ct. 487, 490, 33 L.Ed. 865.

In Downey v. United States, 67 App.D.C. 192, loc. cit. 202, 91 F.2d 223, loc. cit. 233, the criminal cases then before the court were there not on a writ of habeas corpus, but on appeal from orders correcting the record. Therefore, that court did not feel bound to go so far as did the courts in cases upon which this petitioner relies, towit, that a record may not be corrected upon parol evidence or that there cannot be correction after the term. It was insisted, of course, that there should be materials in existence for altering the form of the judgment, and that such materials should be arrived at "under the usual safeguards in respect of the ascertainment of facts". If recourse were had to the memory of the justice who imposed the sentence, he should be heard as witness, "but not as judge and witness both". The party opposing correction of the record should have the usual rights of inspection and cross-examination.

It appears that the most substantial part of the materials relied upon as a basis for altering the form of this judgment was a memorandum made in the court room by the deputy clerk at the time of the imposition of sentence, attested by the clerk of the court at the hearing of the habeas corpus case:

"5957, Buie ver guilty & sent 10 yrs. Lworth".

The District Court for the Western District of Missouri was inclined to believe that in the judgment under consideration "there is at least a shadow of ambiguity. The language used in the judgment would support the interpretation that possibly it was intended the defendant should serve two successive five year sentences", and that reasonable time and opportunity should be given the trial court to remove the ambiguity from the judgment. There followed the proceeding and judgment of correction in the District Court for the Northern District of Texas, and the affirmance of that judgment by the United States Circuit Court of Appeals for the Fifth Circuit.

A somewhat similar situation is found in Biddle, Warden, v. Shirley, 8 Cir., 16 F.2d 566. There conviction of the crime of transportation of stolen motor vehicles had resulted on counts 1 and 3, and counts 2, 4, and 5 were dismissed. The sentence read as follows: "The judgment of the court is that the defendant, on the first count of the Indictment be confined in the United States penitentiary at McNeil Island, state of Washington, for the term and period of two (2) years, and, on the second count a like term and period is also imposed; said terms and periods of imprisonment not to run concurrently." The commitment charged imprisonment "for the term and period of two years on each of the first and third counts of the indictment, said terms and periods to run consecutively". After having served the full term of the sentence imposed upon him under the first count, Shirley filed his petition for a writ of habeas corpus, alleging that the sentence upon the second count was null and void. The warden filed a motion to dismiss the petition. The district court overruled the motion and ordered that Shirley be discharged. On appeal, the Circuit Court of Appeals for this Circuit held, of course, that the prisoner was detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence; and that the commitment cannot vary nor contradict the judgment upon which it is based. It held, however, that since Shirley had pleaded guilty to the third count of the indictment, the trial court should have delayed the order of

discharge a sufficient time to permit the proper authority, towit, the court in which he was tried and convicted, to enter sentence upon said third count. The order discharging Shirley from custody was modified accordingly, citing In re Christian, C.C. 82 F. 199, and Id., C.C., 82 F. 885, and Biddle, Warden, v. Thiele, 8 Cir., 11 F.2d 235. Thus this sentence was made in effect to speak the truth without the final discharge of the prisoner at the time the sentence as originally recorded had been fully served. This is in accord with the holding that the record entry is not the "judgment", but merely the formal evidence thereof. Foster v. Zerbst, 10 Cir., 92 F.2d 950. And district courts have jurisdiction to correct an erroneous sentence, notwithstanding lapse of term at which sentence was imposed. Garrison et al. v. Reeves, 8 Cir., 116 F.2d 978; Bryant v. United States, 8 Cir., 214 F. 51. It is the intent appearing in the judgment entry that controls. United States v. Remus, 6 Cir., 12 F.2d 239.

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309; Neely v. United States, 4 Cir., 2 F.2d 849, 852, 853.

The principle involved is well stated in Downey v. United States, 67 App.D.C. loc. cit. 199, 200, 91 F.2d loc. cit. 230, 231:

"The outstanding question of fact in the cases was, therefore, what was the truth to which the allegedly incorrect record was to be made to conform. * * * We deal here with no mere technicality. * * *

"The law puts no premium upon form for form's sake, but upon form as a safeguard to fair and dependable hearing and review it properly lays great weight."

■ So it has been quite generally held that, where sentence is pronounced upon several counts of the same indictment, imposing at the same time several terms of imprisonment, and the situation presented makes it clear that the judge intended them to be served not concurrently, but consecutively, although no order of their service is prescribed, such sentences will not be concurrent, but a sequence corresponding to the order of the counts will be implied, and such a sentence will be sustained on habeas corpus. Rosso v. Ader-

hold, 5 Cir., 67 F.2d 315; Adams v. White, 8 Cir., 31 F.2d 982; Flynn v. United States, 8 Cir., 57 F.2d 1044, 1047; Rice v. United States, 9 Cir., 7 F.2d 319; Myers v. Morgan, 8 Cir., 224 F. 413; Hyde v. United States, 8 Cir., 198 F. 610; Brinkman v. Morgan, 8 Cir., 253 F. 553; Howard v. Moyer, Warden, D.C.Ga., 206 F. 555; Blake v. Moyer, 5 Cir., 208 F. 678; Fredericks v. Shook, 5 Cir., 8 F.2d 966.

■ Of course the generally accepted rule that sentences upon several counts of the same indictment, in the same court, run concurrently, in the absence of specific provision to the contrary, is, in a sense, a technicality. It is adopted for the purpose of adding finality to the disposition of the case, where no opposition is interposed. It has no other bearing upon the merits of the offense charged. As said by the Circuit Court of Appeals for the Ninth Circuit in Puccinelli v. United States, 5 F.2d 6, 7, upon which petitioner most strongly relies, that the trial court, after the expiration of the term, and of the longest term of imprisonment imposed, was not authorized "without any minute, note, or record evidence of any kind, to extend term of imprisonment by amending judgments nunc pro tunc so that sentences should run consecutively". So it would appear that the rule is not entirely an absolute one. In re Wight, supra, Mr. Justice Miller, speaking for the Supreme Court, said that this power of amendment of necessity exists in the District Court, and that "its exercise must in a great measure be governed by the facts of each case".

■ Petitioner, in support of his contention that, of necessity, these sentences must run concurrently, calls attention to section 709a, 18 U.S.C.A., which provides, among other things, that sentence of a person shall commence to run from the date on which he is received at a jail or other place of detention. "No sentence shall prescribe any other method of computing the term". However, this section was not intended to abolish consecutive sentences, but merely to insure credit for local confinement before transportation to a penitentiary. Brown v. Johnston, 9 Cir., 91 F.2d 370, certiorari denied 302 U.S. 728, 58 S.Ct. 58, 82 L.Ed. 563.

■ In his argument contained in his reply to the warden's answer petitioner uses language in which he apparently misconstrues the office and function of a

habeas corpus proceeding. He says: "Its position and function here is analogous to that of the District Court, with every power, right, and function thereof to hear and grant relief in a habeas corpus proceeding." This, as we understand it, is a misconception of the office and function of this writ. The Supreme Court in Knewel v. Egan, 268 U.S. 442, 445, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036, says: "It is the settled rule of this court that habeas corpus calls in question only the jurisdiction of the court whose judgment is challenged". It further states that a person convicted of crime may secure a reveiw of the judgment by the court of last resort, or, "He may proceed by writ of habeas corpus on constitutional grounds summarily to determine whether he is restrained of his liberty by judgment of a court acting without jurisdiction. * * * But if he pursues the latter remedy, he may not use it as a substitute for a writ of error. * * * It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved".

And in the very late case of Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, the Supreme Court said: "Habeas corpus cannot be used as a means of reviewing errors of law and irregularities—not involving the question of jurisdiction—occurring during the course of trial; and the 'writ of habeas corpus cannot be used as a writ of error.'"

■ This disposes of the various contentions raised by petitioner except the question of whether the District Court for the Western District of Missouri had jurisdiction to defer the discharge of petitioner until the court of original jurisdiction had reasonable time and opportunity to remove ambiguity from the judgment, if so advised. The order allowed thirty days from August 11, 1941, for this purpose, and a corrected judgment was filed in the District Court for the Fort Worth Division of the Northern District of Texas September 19, 1941. In that court, upon application of the office of the United States Attorney, a writ of habeas corpus ad prosequendum was issued August 17, 1941, and petitioner was removed to the Northern District of Texas for the hearing of the application to correct the judgment to provide for consecutive service of the sentences. In my judgment the institution of the proceedings in Texas, within the thirty days granted, was a reasonable compliance with the order of the Missouri court, and the real question presented here is limited to the authority of the latter District Court to defer the discharge of the petitioner at the time its order was made.

As a basis of this order the District Court for the Western District of Missouri, finding the commitment in contradiction of the entered terms of the judgment, and finding further that there was at least a shadow of ambiguity, in that the language used in the judgment would support the interpretation that possibly it was intended that the defendant should serve two successive five year sentences as indicated by memoranda found in the files, made by a deputy clerk in the court room at the time the sentences were imposed, granted a reasonable time for correction of the judgment at the application of the government. The Texas court acted upon this order and took evident pains to conduct its proceedings in a manner to exclude any basis for criticism and charge of bias. Petitioner appealed this judgment of correction to the Circuit Court of Appeals for the Fifth Circuit, an appellate court of unquestioned jurisdiction. He was represented by counsel of ability who presented his contentions as fully as lodged here. The judgment below was affirmed, and petitioner made no application for review by the Supreme Court.

■ We have, therefore, the concurrence of two District Courts and of a Circuit Court of Appeals in the jurisdiction entertained by the District Courts, and in the propriety and validity of the correction made in the sentence. The door is now open for appellate review of the decision of this court if petitioner desires. Throughout the proceedings against him, or in his behalf, he has been enabled to present his contentions largely at public expense. A proper regard for the public interests, and for the established procedure involved, would not justify us in this proceeding, even if so inclined, to exceed our authority by attempting, in the nature of appeal or writ of error to review the disposition that has been made. The application for a writ of habeas

corpus is denied, and the petitioner accordingly remains in the custody of the respondent.

We deem it important, however, to repeat the insistence that those upon whom devolves the duty to record the judgments and orders of courts must exercise scrupulous care in making these critical entries. Mere ordinary care in recording the sentence in the instant case would have satisfied the demands of justice and made this extended litigation unnecessary.